```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

MICHAEL WALKER,                     :
      Petitioner,                   :
                                    :          PRISONER
V.                                  :   Case No. 3:07-CV-1796 (RNC)
                                    :
WARDEN, STATE OF CONNECTICUT,       :
      Respondent.                   :
```

RULING AND ORDER

Petitioner, a Connecticut inmate, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He contends that the prosecution violated due process by suppressing information favorable to the defense, see Brady v. Maryland, 373 U.S. 83 (1963), and failing to correct false testimony, see Napue v. Illinois, 360 U.S. 264 (1959). Respondent has filed a motion to dismiss contending that the Brady claim encompasses two distinct claims, one of which has not been exhausted in state court. I conclude that petitioner has exhausted his two claims and therefore deny the motion to dismiss.

I. Background

In 1988, following a jury trial in Connecticut Superior Court, petitioner was convicted of murder and other crimes and sentenced to prison for eighty years. The prosecution claimed that petitioner's cousin fired shots at the victims then gave the gun to the petitioner, who fired more shots at them. One victim

1

was killed, the other was wounded.  The key witness against the petitioner was Landon Brown.  While in pretrial detention on a robbery charge, Brown gave detectives a signed statement describing petitioner's involvement in the shootings.  At petitioner's trial, Brown testified that he received no consideration for the statement and remained in custody after signing it due to a New York detainer.  Petitioner's direct appeal was unsuccessful.  See State v. Walker, 214 Conn. 122 (1990).

In 1996, Brown signed an affidavit recanting his trial testimony that he saw petitioner fire a gun at the victims. Petitioner subsequently filed a petition for a writ of habeas corpus in Superior Court claiming that Brown committed perjury at the trial and that the prosecutor knowingly presented the perjured testimony.  In the course of an evidentiary hearing on the petition, it came to light that Brown was released from pretrial detention the same day he signed the statement for the detectives.  With the habeas court's permission, the petition was amended to allege a violation of Brady.  The amended petition claimed that "the state failed to disclose the fact that it had entered into an agreement with its primary witness - Landon Brown, a.k.a. Lehman Brown - whereby the state facilitated the release of the witness from the custody of the Connecticut Department of Correction[] on a written promise to appear in

2

exchange for the witness giving a statement implicating the defendant in the crimes for which he was convicted." The amended petition also claimed that Brown committed perjury at the criminal trial by "lying about," among other things, "his custodial status at the time he gave [the] statement implicating the [petitioner] in the crimes for which he was convicted." In support of this claim, petitioner offered evidence that Brown was not held on a New York detainer.

Following the evidentiary hearing, the state habeas court dismissed the petition. The court ruled that there was no <u>Brady</u> violation because petitioner had failed to prove the existence of the alleged agreement providing for Brown's release in exchange for his statement. The court also rejected the claim that Brown committed perjury at the criminal trial. The court found that Brown's trial testimony was truthful in all material respects. <u>Walker v. Warden State Prison</u>, No. CV96-0002314 (Conn. Super. Ct. Nov. 24, 2004).

On appeal, petitioner claimed that the habeas court erred in finding that there was no <u>Brady</u> violation. In support of this claim, he pointed to the undisputed evidence that Brown was released from jail the same day he gave his statement to the detectives. He also claimed that the habeas court erred in finding that Brown did not commit perjury. In support of this claim, he pointed to Brown's false trial testimony that after he

3

gave his statement to the detectives he remained in jail on a detainer from New York.  The Appellate Court affirmed the judgment dismissing the petition without discussing these points. Walker v. Comm'r of Corr., 103 Conn. App. 485, 930 A.2d 65 (2007).  Petitioner presented the same claims to the Supreme Court but it declined his request for certification to appeal. Walker v. Comm'r of Corr., 284 Conn. 940, 937 A.2d 698 (2007).

    Petitioner then filed this federal petition.

II.  Discussion

    Federal habeas relief is generally not available unless the petitioner has exhausted state court remedies.  See 28 U.S.C. § 2254(b)(1)(A); Jimenez v. Walker, 458 F.3d 130, 148-49 (2d Cir. 2006).  The purpose of the exhaustion requirement is "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings."  Rose v. Lundy, 455 U.S. 509, 518 (1982).  The exhaustion requirement is not satisfied unless the federal claim has been "fairly presented" to the state courts.  Daye v. Attorney Gen. of N.Y., 696 F.2d 186, 191 (2d Cir. 1982).  The petitioner must have (1) "set forth in state court all of the essential factual allegations asserted in his federal petition," and (2) "placed before the state court essentially the same legal doctrine he asserts in his federal petition."  Id. at 191-92.

    Respondent moves to dismiss contending that petitioner's

Brady claim encompasses two distinct claims, only one of which has been exhausted.  As respondent puts it, petitioner has a claim based on the prosecutor's suppression of the alleged agreement to release Brown, and another based on the prosecutor's failure to disclose that Brown lied about the existence of a New York detainer.  Respondent argues that the second of these claims has not been exhausted.

Petitioner responds that he has just one Brady claim.  As he describes it, this claim is based on the prosecutor's failure to disclose exculpatory information regarding the circumstances of Brown's release from pretrial detention.  Petitioner also argues that even if Brown's perjury about a New York detainer is deemed to provide the basis for a separate Brady claim, the claim has been exhausted.

I conclude that petitioner's Brady claim is limited to the prosecutor's suppression of the alleged agreement to release Brown in exchange for his statement.  Brown's perjury regarding the New York detainer is relevant to this claim because it tends to prove that the alleged agreement was made.  But it does not provide the basis for a separate claim under Brady.

This construction of the Brady claim accords with the way the claim was litigated in the state habeas proceeding. Throughout the proceeding, petitioner presented the claim in terms of the prosecutor's suppression of the alleged agreement.

5

He did not allege that Brady was violated because the prosecutor failed to disclose exculpatory information concerning the circumstances of Brown's release.[1]

Petitioner's alternative argument that he can be deemed to have exhausted a Brady claim based on the prosecutor's failure to disclose Brown's perjury regarding the New York detainer is not supported by the record.  As just discussed, petitioner's Brady claim in the state habeas proceeding focused on the prosecutor's suppression of the alleged agreement to release Brown in exchange for his statement.  Petitioner did not claim that the prosecutor violated Brady by failing to disclose that Brown lied regarding the New York detainer.

In the present petition, Brown's false testimony that he remained in custody on a New York detainer forms part of the basis for the second claim for relief, which alleges that the prosecutor violated due process by presenting testimony he knew or should have known was false.  It is undisputed that petitioner

---

[1] It is undisputed that the Brady claim, as thus construed, has been exhausted.  At the evidentiary hearing in Superior Court, petitioner attempted to establish the existence of the alleged agreement providing for Brown's immediate release by proving that there was no New York detainer. (Resp't Mem. of Law App. C at A59-A60.)  In his brief to the Appellate Court, he referenced Brown's false testimony about the New York detainer in the context of both his Brady and perjury claims. (Resp't Mem. of Law App. C at 4, 14, 15, 25, 27.)  In his petition for certification to the Supreme Court, he recapitulated both claims and referred specifically to Brown's lie about the New York detainer. (Resp't Mem. Of Law App. F at 6-7.)

has satisfied the exhaustion requirement with regard to this claim.  Petitioner does not suggest that treating Brown's detainer testimony as a basis for relief under this claim, rather than as the basis of a separate <u>Brady</u> claim, prejudices him in any way.

III.  <u>Conclusion</u>

Accordingly, the motion to dismiss is hereby denied.

So ordered this 25th day of February 2009.

<u>      /s/ RNC            </u><br>
Robert N. Chatigny<br>
United States District Judge